NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HARRY A. RICHARDSON, *pro se*,

    Appellant,

    v.

TREACY, SHAFFEL, MOORE, & MUELLER, *et al*.,

    Appellees.

Civ. No. 05-501 (GEB)

**MEMORANDUM OPINION**

**BROWN, District Judge**

This matter comes before the Court upon *pro se* appellant Harry A. Richardson's ("Appellant") motion for reconsideration of this Court's May 24, 2005 Order dismissing Appellant's appeal with prejudice. The Court, having considered the parties' submissions and decided the motion without oral argument pursuant to FED. R. CIV. P. 78, and for the reasons set forth in this Memorandum Opinion, will deny Appellant's motion.

**I.  BACKGROUND**

Appellant filed a timely notice of appeal with this Court on January 26, 2005. Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant had fifteen (15) days from the entry of the appeal on the docket to file an appellate brief. See FED. R. BANKR. P. 8009(a)(1) (2005). Under this rule, Appellant's brief was due by February 10, 2005. On February 10, Appellant moved for a ninety-day extension of time to file the brief, i.e., until May 10, 2005. The Court found that the request for ninety days was excessive and instead granted Appellant a sixty-day

extension, until April 8, 2005.  See Richardson v. Treacy, Shaffel, Moore & Mueller, *et al.*, No. 05-501 (GEB) (D.N.J. March 21, 2005) (order extending period to file appellate brief).

On April 5, 2005, only three days before the date the extension would expire, Appellant again sought to have the date extended to May 10.  As discussed above, the Court had already rejected this date as excessive.  See Richardson v. Treacy, Shaffel, Moore & Mueller, *et al.*, No. 05-501 (GEB) (D.N.J. May 24, 2005) (order dismissing appeal), at 3.  Appellant argued that his limited resources, and the failure of the Bankruptcy Court clerks to provide Appellant with necessary transcripts, warranted a further extension.

This Court refused to grant the extension, holding that Appellant failed to obtain the necessary transcripts in a timely manner pursuant to FED. R. BANKR. P. 8006, and abused the time limits for filing an appellate brief.  See Richardson v. Treacy, Shaffel, Moore & Mueller, *et al.*, No. 05-501 (GEB) (D.N.J. May 24, 2005) (order dismissing appeal), at 3-4.  The Court also found that Appellant's conduct was egregious enough to warrant a dismissal of the appeal.  Accordingly, the Court dismissed the appeal with prejudice.  Appellant filed a motion for reconsideration of this Court's Order on June 6, 2005.  Appellant also seeks a stay pending appeal.

**II.   DISCUSSION**

A.  Standard Of Review For Motions For Reconsideration

In the District of New Jersey, Local Rule 7.1(i) governs motions for reconsideration.  The movant has the burden of demonstrating either: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its previous order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The standard for reconsideration is high and relief under the rule is to be granted "very sparingly." See Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (citation omitted). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Bowers, 130 F. Supp. 2d at 613; L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted).

### B.  Appellant's Motion Must Be Denied Because It Fails To Meet The High Standard For Motions For Reconsideration

Appellant argues that the Court overlooked relevant law when it based the dismissal of his appeal in part on Appellant's failure to comply with Rule 8006. However, Appellant is merely attempting to reargue matters already addressed by the Court. Specifically, Appellant raises disagreement with this Court's conclusion that "although Appellant attempts to respond to Appellees objections by asserting that efforts were taken by him to obtain the transcripts necessary for the instant appeal, the rebuttals are disingenuous because by Appellant's own

admission, Appellant violated the mandates of FED. R. BANKR. P. 8006."[1]  Appellant's disagreement with this Court's initial decision is not an appropriate basis for reconsideration. Accordingly, the Court will not grant the motion on this basis.

Appellant further argues that it was improper to dismiss his appeal on the basis of a procedural rule violation.  Dismissal of a bankruptcy appeal, however, is well within the discretion of this Court.  See FED. R. BANKR. P. 8001(a) (2005).  Dismissal may be warranted if a procedural violation is accompanied by particular factors.  See In re Comer, 716 F.2d 168, 177 (3d Cir. 1983).  These factors are, *inter alia*, bad faith or egregious conduct on the part of the appellant; the possibility of prejudice to other parties; the absence of "excusable neglect"; and whether the court has considered less severe sanctions prior to dismissing the appeal.  See Jewelcor Inc. v. Asia Commercial Co., Ltd., 11 F.3d 394, 397 (3d Cir. 1993) (finding that a district court must consider less severe sanctions); In re Comer, 716 F.2d at 177; see also In re CPDC Inc., 221 F.3d 693, 698-700 (5th Cir. 2000) (discussing factors); In re Tampa Chain Co., Inc., 835 F.2d 54, 55-56 (2d Cir. 1987) (affirming dismissal of appeal for failure to timely file appellate brief).

Appellant contends that this Court failed to consider other options before dismissing the appeal with prejudice.  This assertion not only attempts to dispute this Court's conclusions, but also ignores the language of this Court's May 24, 2005 Order.  In the Order, the Court found that Appellant openly disregarded the previously extended deadline for filing the appellate brief.  See

---

[1] Richardson v. Treacy, Shaffel, Moore & Mueller, *et al.*, No. 05-501 (GEB) (D.N.J. May 24, 2005) (order dismissing appeal), at 4.  The Court drew this conclusion from Appellant's moving papers and statement that "upon receiving the Order granting his extension until April 8, 2005 . . . [he] immediately contacted the Clerk . . . who when reached referred appellant to Cole Transcription."  Id., at 2 n.1.

4

Richardson v. Treacy, Shaffel, Moore & Mueller, *et al.*, No. 05-501 (GEB) (D.N.J. May 24, 2005) (order dismissing appeal), at 3.  This Court also considered less severe sanctions and found them inadequate to address Appellant's "utter failure" to follow the rules.  Id. at 5.  This Court concluded that Appellant's failure to honor the deadline for filing an appellate brief, and his failure to comply with FED. R. BANKR. P. 8006, exhibited bad faith and constituted behavior egregious enough to dismiss the appeal.  Id.  Accordingly, Appellant's arguments are rejected and his motion must be denied.

  Appellant also asks this Court to grant a stay pending appeal.  To receive a stay, Appellant must show his likelihood of success on the merits of the appeal.  See Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992).  This Court, however, has already dismissed the appeal.  Furthermore, Judge Ferguson previously denied Appellant's request for a stay of the bankruptcy proceedings pending appeal because he could not show his likelihood of success on the merits.  See Cole Transcript, Bankruptcy Case No. 03-26318-KCF, May 9, 2005, at 31; see also Campbell Soup, 977 F.2d at 90-91.  Therefore, this Court will deny Appellant's motion for a stay.

### III. CONCLUSION

For the reasons stated herein, Appellant's motion for reconsideration of this Court's May 24, 2005 Order dismissing his appeal is denied. Appellant's motion for a stay pending appeal is also denied. An appropriate form of order accompanies this Memorandum Opinion.

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.