NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARRY A. RICHARDSON, | |
| Appellant, | |
| v. | Civil Action No. 05-501 (GEB) |
| TREACY, SCHAFFEL, MOORE & MUELLER et al., | **MEMORANDUM OPINION** |
| Appellees. | |

**BROWN, Chief Judge**

    This matter comes before the Court upon the Appeal by Harry A. Richardson ("Richardson" or "Appellant") of Bankruptcy Judge Ferguson's decision to deny Mr. Richardson's Motion to Appoint an Independent Special Counsel. Having reviewed the parties' submissions, and for the reasons set forth below, the Court will deny Mr. Richardson's appeal.

**I.    BACKGROUND**

    As the facts are well known to the parties, the Court will give only a brief description of the issues and procedural posture of the case.

    This case arises out of the bankruptcy proceedings of Richardson Industrial Contractors, Inc. ("RICI") initiated on May 16, 2003. (Pet. Br. at 1; Resp. Br. at 2.) Mr. Richardson, Salvatore and Deanne Arnone ("the Arnones"), and Larry Blumenstyk ("Blumenstyk"), among others, are creditors of RICI. (Pet. Br. at 2, 11-12; Resp. Br. at 1-2.) One of the listed assets of RICI, the debtor, was an action pending before Magistrate Judge Azrack in the United States District Court for the Eastern District of New York (the "Eastern District Case"). (Pet. Br. at 10-11; Resp. Br.

at 2.) It is that asset that is at issue here.

On December 10, 2003, Mr. Richardson, Mr. Arnone, Patrick Tobia, Esq. ("Tobia" or the "Special Counsel"), and the Chapter 7 Trustee, Andrea Dobin ("Dobin" or the "Trustee") appeared before Judge Ferguson. (Pet. Br. at 6; Resp. Br. at 3.) Mr. Tobia was appointed, by consent, Special Counsel for the Trustee with respect to the Eastern District Case. (Pet. Br. at 6; Resp. Br. at 3.) Appellees claim that Mr. Richardson did not object to Mr. Tobia's appointment and did not appeal the Judge's decision. (Resp. Br. at 3.) After a tentative settlement agreement was reached in the Eastern District Case, the Special Counsel moved for an Order from Judge Ferguson approving that settlement. (Pet. Br. at 1-2; Resp. Br. at 4.)

On October 18, 2004, Mr. Richardson filed a Cross-Motion for an Order Directing Trustee to Engage Independent Special Counsel – essentially, objecting to the appointment of Mr. Tobia as Special Counsel. That motion was denied by Judge Ferguson on November 1, 2004. On the same day, Judge Ferguson approved the settlement suggested by the Special Counsel and endorsed by the Trustee. On November 8, 2004, Mr. Richardson filed a motion for reconsideration of the denial of his cross- motion. The motion for reconsideration was denied by Judge Ferguson on December 6, 2004. On December 10, 2004, Mr. Richardson filed with this Court an appeal from Judge Ferguson's denial of Mr. Richardson's cross-motion.[1]

---

[1] The Court notes that only Appellee Blumenstyk filed a brief in opposition to Mr. Richardson's appeal. Salvatore Arnone indicated in a letter to this Court dated November 17, 2006, however, that he "agree[d with] and support[ed] the positions identified by Mr. Blumenstyk."

2

## II.   DISCUSSION[2]

### A.   STANDARD OF REVIEW

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *Dobin v. Stadium Auto Wreckers,* No. 06-3134, 2007 U.S. Dist. LEXIS 5707, at *7 (D.N.J. Jan. 26, 2007), *quoting Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). "Legal conclusions of the bankruptcy court are subject to de novo or plenary review by the district court." *Dobin*, at *7, *citing Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997); *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir.1995), *cert. denied* 517 U.S. 1137 (U.S. April 15, 1996) (No. 95-1447). "The factual determinations of the bankruptcy court[, on the other hand,] are not to be set aside unless "clearly erroneous."" *Dobin*, at *7, *citing, inter alia,* FED. R. BANKR. P. 8013. Since Judge Ferguson's denial of Mr. Richardson's cross-motion was based on a factual determination – the Judge's assessment that there was no direct evidence of Tobia's conflict of interest – the Court will review this appeal under the more deferential "clearly erroneous" standard.

### B.   APPLICATION

As noted above, Judge Ferguson approved the proposed settlement endorsed by the Trustee and the Special Counsel, and found that Mr. Richardson's cross-motion for the appointment of an independent special counsel was therefore mooted. Mr. Richardson, on appeal, claims that this constituted an abuse of discretion on Judge Ferguson's part. Pet. Br. at 1. This Court will review Judge Ferguson's November 1, 2004 denial of Mr. Richardson's cross-

---

[2]   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

motion to appoint an independent special counsel, and her December 6, 2004 denial of his motion for reconsideration, before addressing Mr. Richardson's claims on appeal.

1. The November 1, 2006 Hearing

On November 1, 2006, Judge Ferguson held a hearing on the Special Counsel's motion to approve the settlement of the Eastern District Case, and on Mr. Richardson's cross-motion to appoint an independent special counsel. Mr. Richardson requested that Special Counsel Tobia be replaced by an independent special counsel on the grounds that his past representation of the Arnones, in particular, prevented him from adequately defending the interests of creditors such as Mr. Richardson. Audio Recording: Hearing in *Richardson v. Treacy, Shaffel* (Nov. 1, 2006) (on file with the Court). Mr. Richardson claimed in particular that this alleged conflict of interest had led the Special Counsel to set forth a proposed settlement amount – $75,000 – far smaller than the creditors could have expected for the Eastern District Case. *Id.*

Judge Ferguson noted that, under *W.T. Grant* and *In re Jasmine*, her duty was not to consider whether the settlement on offer was a good settlement, but to assess whether it exceeded the minimum amount that might be considered reasonable. *Id.*, *citing In re W.T. Grant* Co., 699 F.2d 599 (2d Cir. 1983); *In re Jasmine, Ltd.*, 258 B.R. 119 (D.N.J. 1999). Addressing Mr. Richardson's concerns about the proposed settlement amount, she explained that Judge Azrack had narrowed down the number of issues at play, thus greatly curtailing the possible recovery – a fact, she lamented, that Mr. Richardson has consistently ignored in his submissions to the Court. *Id.* She also noted Judge Azrack's suggestion that the chances of RICI prevailing in the matter were slim, a factor that Judge Ferguson explained had to be taken into consideration in assessing whether to approve the Special Counsel's proposed settlement. *Id.*

Acknowledging RICI's bleak litigation prospects, and taking into account the potential expense of pursuing litigation on RICI's claims, Judge Ferguson found that settlement in the Eastern District Case was "wise." *Id.*  Judge Ferguson accordingly granted Special Counsel's motion for approval of the settlement, and deemed Mr. Richardson's cross-motion moot – mentioning in passing that Mr. Richardson had presented "no direct evidence of conflict." *Id.*

        2.       The December 6, 2004 Hearing

Shortly thereafter, Mr. Richardson moved before Judge Ferguson for reconsideration of her November 1, 2004 decision, on the grounds that the denial of his cross-motion amounted to a "manifest injustice." Mr. Richardson's motion was heard before Judge Ferguson on December 6, 2004.[3]

Having reviewed all the arguments set forth by the parties in connection with Mr. Richardson's motion for reconsideration, and having examined her own decision of November 1, 2004, Judge Ferguson held that Mr. Richardson had failed to establish that "approval of the settlement resulted in a manifest injustice." Transcript of December 6, 2004 Hearing ("Tr."), *Richardson v. Treacy, Schaffel et al.*, at 8:16-17.  She noted once again that "[t]he allegation that [Magistrate Judge Azrack] has ruled in favor of [RICI] on some issues does not overcome the allegation that the issues have also been considerably narrowed by those rulings". Tr. 8:20-23. The amount of the proposed settlement did not therefore betray a conflict of interest on the part of the Special Counsel and did not lead to manifest injustice with respect to RICI's creditors. Judge Ferguson also dismissed Mr. Richardson's claim that RICI had a significant chance of prevailing in the Eastern District Case – and therefore, that the settlement amount should have

---

[3]      Present at the hearing were Mr. Richardson and a representative for the Trustee.

been greater than that suggested by Special Counsel – explaining that "[t]he fact that Mr. Richardson has apparently repeatedly offered to assist the Trustee in the litigation does not establish the likelihood of success . . . ."  Tr. 8:23-9:1.

Judge Ferguson further explained that in approving the settlement and denying Mr. Richardson's cross-motion, the Court had "simply found that the Trustee's arguments about the benefits of the settlement were more compelling than Mr. Richardson's arguments about the benefits of continuing with the litigation." Tr. 10:5-8.  As for Mr. Richardson's claims that the suggested settlement amount was the result of a conflict of interest on the part of the Trustee or the Special Counsel, the Judge held that "[n]othing in Mr. Richardson's papers suggest[s] that [the Trustee] has a conflict.  She's permitted to make a decision to settle with or without the support of counsel as long as the settlement falls within the range of reasonableness."  Tr. 11:16-19.  Judge Ferguson therefore refused to retract her opinion that the settlement offer was above "the minimum amount that might be considered reasonable" and that Mr. Richardson's cross-motion was moot.

### 3. Mr. Richardson's Claims

Having twice endured reversals before Judge Ferguson, Mr. Richardson now turns to this Court.  Mr. Richardson once again insists that Mr. Tobia's prior legal representation of the Arnones led to his failure, as Special Counsel for the Eastern District Case, to adequately represent the interests of other creditors, including Mr. Richardson. *See* Pet. Br. at 1-2, 6 ("Tobia failed to carry out his professional responsibilities, which resulted in the creditors of RICI being deprived of their entitlement to a Trial resolving the amount of their recovery.  Instead, Mr. Tobia advocated for the benefit of . . . his clients, the Arnones, the Estate of Robert Kessler and

Larry Blumenstyk."). *Id.* at 2. Mr. Richardson also reiterates his argument that the conflict of interest is obvious when the settlement amount agreed to by the Special Counsel ($75,000) is compared with the amount he claims to be the government's own estimate of the default suffered by RICI ($1,421,000). *Id.* at 2, 12, *citing* January 16, 2001 Memorandum from David Ogden to Associate Attorney General.  Mr. Richardson concludes that, under the circumstances, the settlement amount suggested by Special Counsel cannot be deemed to be "within the lowest range of an acceptable settlement," and that Mr. Tobia should therefore be replaced. *Id.* 24-25.

"Under Fed. R. Bankr. P. 9019, [the Bankruptcy Judge] has the authority to approve a compromise or settlement on motion by the trustee, after notice and a hearing. Compromises are favored in bankruptcy in order to minimize the cost of litigation to the estate and expedite its administration." *In re Nutraquest, Inc.*, No. 03-5869, 2004 U.S. Dist. LEXIS 29141, at *7 (D.N.J. Nov. 17, 2004), *citing In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996). "In determining whether to approve a settlement, courts should consider four factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Nutraquest,* at *8, *citing In re Martin*, at 393.

"Courts are to accord deference to the trustee's judgment and the settlement should only be rejected if it falls 'below the lowest point in the range of reasonableness.'" *In re Nutraquest*, at *8, *quoting In re Edwards*, 228 B.R. 552, 569 (Bankr. E.D. Pa. 1998) (citations omitted); *see also In re Jasmine*, 258 B.R. at 123 (D.N.J. 1999) ("The court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.") (quotations omitted), *citing, inter alia, In re*

*Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

      Judge Ferguson correctly cited to, and applied, this standard.  Indeed, reviewing Judge Ferguson's decisions in conjunction with the allegations put forth by Mr. Richardson, this Court concludes that his appeal is without merit.  Judge Ferguson explicitly held that RICI's claims in the Eastern District were unlikely to prove successful and that proceeding to trial would likely prove an unnecessary expense for the parties.   Taking those factors into consideration, and acknowledging that the Trustee's endorsement of the settlement suggested the settlement was in the paramount interest of the creditors, Judge Ferguson concluded that it was proper to approve the settlement and deny Mr. Richardson's cross motion.  None of the evidence put forth by Mr. Richardson compels this Court to conclude that Judge Ferguson's decision was clearly erroneous.

### III.   CONCLUSION

      For the foregoing reasons, this Court will deny Mr. Richardson's appeal of Magistrate Judge Ferguson's decision to deny his cross-motion to appoint an "independent" Special Counsel.  An appropriate form of Order accompanies this Opinion.


    Dated: April 2, 2007

                                                s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.