NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HARRY A. RICHARDSON,

        Appellant,

    v.

TREACY, SCHAFFEL, MOORE & MUELLER et al.,

        Appellees.

Civil Action No. 05-501 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

    This matter comes before the Court upon Harry A. Richardson's ("Richardson" or "Appellant") Motion for Reconsideration of this Court's denial of his bankruptcy appeal. Having reviewed the parties' submissions, and for the reasons set forth below, the Court will deny Mr. Richardson's motion for reconsideration.

**I.    BACKGROUND**

    As the facts of the case have been discussed at length in this Court's April 2, 2007 opinion, the Court will give only a brief description of the procedural posture of the case.

    On October 18, 2004, Mr. Richardson filed a Cross-Motion for an Order Directing Trustee to Engage Independent Special Counsel – essentially, objecting to the appointment of Mr. Tobia as Special Counsel. That motion was denied by Judge Ferguson on November 1, 2004. On the same day, Judge Ferguson approved the settlement suggested by the Special Counsel and endorsed by the Trustee. On November 8, 2004, Mr. Richardson filed a motion for reconsideration of the denial of his cross-motion. The motion for reconsideration was denied by

Judge Ferguson on December 6, 2004.  On December 10, 2004, Mr. Richardson filed with this Court an appeal from Judge Ferguson's denial of Mr. Richardson's cross-motion.  That appeal was denied on April 2, 2007. Mr. Richardson now moves for reconsideration of this Court's decision.

## II.	DISCUSSION

The standard for reconsideration is high, and reconsideration is to be granted only sparingly.  *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994), *citing Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. CIV. R. 7.1(i).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. Civ. R. 7.1(i).  "The operative word in the rule is 'overlooked'." *Id.*  Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Mr. Richardson has failed to meet this exacting standard.

---

[1]	On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed.  Now Local Civil Rule 7.1(i) governs motions for reconsideration.  Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

Mr. Richardson does not allege an "intervening change in the law." The Court will therefore consider only whether Mr. Richardson has offered new evidence not available before his appeal, and whether this Court's decision was based on a clear error of law or fact leading to manifest injustice.

The Court noted, in its April 2, 2007 opinion, that a bankruptcy judge was to "accord deference to the trustee's judgment," and that the settlement proposed by the trustee "should only be rejected if it falls below the lowest point in the range of reasonableness." April 2, 2007 Opinion at 7, *quoting In re Nutraquest, Inc.*, No. 03-5869, 2004 U.S. Dist. LEXIS 29141, at *8 (D.N.J. Nov. 17, 2004). The Court further explained that four factors were to be taken into consideration in determining whether to approve the settlement suggested by the trustee: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." April 2, 2007 Opinion at 7, *quoting Nutraquest*, at *8.

Having reviewed Judge Ferguson's decisions and all submissions to the Court, this Court found that "Judge Ferguson [had] correctly cited to, and applied, th[e] standard [above]." April 2, 2007 Opinion at 8. The Court noted in particular (i) that Judge Ferguson had deemed RICI's litigation prospects in the Eastern District of New York to be bleak, (ii) that she had found that a trial was likely to amount to a significant expense for the parties, and (iii) that she had interpreted the endorsement of the settlement by the Trustee to suggest that the settlement was in the best interest of the creditors. April 2, 2007 Opinion at 8.

None of the evidence set forth by Mr. Richardson in his most recent submissions to the Court leads this Court to conclude that Mr. Richardson's motion for reconsideration should be

3

granted.  Mr. Richardson has offered no evidence that this Court overlooked a factual or legal issue that may have altered the disposition of the matter, or that denial of this motion would lead to manifest injustice.  Mr. Richardson simply disagrees with the outcome of his appeal. That alone does not constitute grounds for a reversal of this Court's April 2, 2007 decision.  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (reconsideration not available for mere re-argument of matters addressed by the Court.).

### III.   CONCLUSION

Accordingly, the Court will deny Mr. Richardson's motion for reconsideration. An appropriate form of Order accompanies this Opinion.

Dated May 4, 2007

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.